Jack Silver, Esq. SB #160575
LAW OFFICE OF JACK SILVER
708 Gravenstein Hwy. N., #407
Sebastopol, CA 95472-2808
Telephone (707) 528-8175
Email: jsilverenvironmental@gmail.com

David J. Weinsoff, Esq. SB #141372
LAW OFFICE OF DAVID J. WEINSOFF
138 Ridgeway Avenue
Fairfax, CA 94930
Telephone (415) 460-9760
Email: david@weinsofflaw.com

Attorneys for Plaintiff
CALIFORNIA RIVER WATCH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CALIFORNIA RIVER WATCH, an IRC Section 501(c)(3), non-profit, public benefit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MALIBU BAY CLUB and VENTURA REGIONAL SANITATION DISTRICT,<br><br>Defendants.<br>_____/ | Case No.: 2:17-cv-05896<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, AND DECLARATORY RELIEF**<br><br>(Environmental - Clean Water Act 33 U.S.C. § 1251 *et seq.*) |

Plaintiff CALIFORNIA RIVER WATCH ("RIVER WATCH") hereby brings this civil action pursuant to the Federal Water Pollution Control Act, also known as the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251 *et seq.*

## I.      INTRODUCTION

1.      This action is a citizen suit for injunctive relief, civil penalties, and remediation brought against Defendants MALIBU BAY CLUB and VENTURA REGIONAL SANITATION DISTRICT (collectively hereafter referred to in this Complaint as "the DISCHARGER") for routinely violating "an effluent standard or limitation Under this

1

Act"[1] and an order issued by the State with respect to an effluent quality standard or limitation by discharging a pollutant from a point source to a water of the United States without complying with any other sections of the Act including CWA § 402, 33 U.S.C. § 1342[2].

2.      On or about January 13, 2017, RIVER WATCH provided notice of the DISCHARGER's violations of the CWA to the (1) Administrator of the United States Environmental Protection Agency ("EPA"), (2) EPA's Regional Administrator for Region Nine, (3) Executive Director of the State Water Resources Control Board ("State Board"), (4) Executive Officer of the Los Angeles Regional Water Quality Control Board ("Regional Board"), and (5) the DISCHARGER as required by the CWA 33 U.S.C. § 1365(b)(1)(A). A true and correct copy of RIVER WATCH's 60-Day Notice of Violations ("Notice") is attached as EXHIBIT A and incorporated by reference. The DISCHARGER, the Regional Board, the State Board, the Regional and National Administrators of EPA all received this Notice.

3.      More than sixty days have passed since RIVER WATCH's Notice was served on the DISCHARGER, the Regional Board, the State Board, and the Regional and National EPA Administrators. RIVER WATCH is informed and believes, and thereupon alleges, that neither the EPA nor the State of California has commenced or is diligently prosecuting a court action to redress the violations alleged in this Complaint. This action's claim for civil penalties is not barred by any prior administrative penalty under CWA § 309(g), 33 U.S.C. § 1319(g).

## II.     JURISDICTION and VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

---

[1]See CWA § 505(a)(1)(A), 33 U.S.C. 1365(a)(1)(A). "[A]ny citizen may commence a civil action on his own behalf against any person . . . who is alleged to be in violation of (A) an effluent standard or limitation under this Act.

[2]See CWA § 301, (a) 33 U.S.C. § 1311(a). "Except as in compliance with this section and sections 302, 306, 307, 318, 402, and 404 of this Act [33 U.S.C. §§ 1312, 1316, 1317, 1328, 1342, 1344], the discharge of any pollutant by any person shall be unlawful."

---

§ 1331 (federal question), and 33 U.S.C. § 1365(a) (CWA citizen suit jurisdiction). The relief requested is authorized pursuant to 28 U.S.C. §§ 2201-2202 (declaratory relief), 33 U.S.C. §§ 1319(b), 1365(a) (injunctive relief), and 33 U.S.C. §§ 1319(d), 1365(a) (civil penalties).

5.     Venue is proper because the DISCHARGER and its discharging collection system, treatment facility and leach lines are located, and the events or omissions giving rise to RIVER WATCH's claims occurred, in this District. 28 U.S.C. § 1391(b)(1), (2). Venue is also proper because the DISCHARGER's CWA violations have occurred and are occurring within the District. 33 U.S.C. § 1365(c)(1).

**III.    PARTIES**

6.     RIVER WATCH is an Internal Revenue Code § 501(c)(3) non-profit, public benefit Corporation organized under the laws of the State of California, with headquarters located in Sebastopol, California and mailing address of 290 S. Main Street, #817, Sebastopol, California 95472. The specific purpose of RIVER WATCH is to protect, enhance and help restore surface and ground waters of California including coastal waters, rivers, creeks, streams, wetlands, vernal pools, aquifers and associated environs, biota, flora and fauna, as well as to educate the public concerning environmental issues associated with these environs. Members of RIVER WATCH have interests in the waters and watersheds which are or may be adversely affected by the DISCHARGER's discharges and violations of the CWA as alleged herein. Said members may use the effected waters and watershed areas for recreation, sports, fishing, swimming, hiking, photography, nature walks and/or the like.  Furthermore, the relief sought will redress the injury in fact, likelihood of future injury, and interference with the interests of said members.  The DISCHARGER's ongoing violations of the CWA will cause irreparable harm to members of RIVER WATCH for which they have no plain, speedy, or adequate remedy. The relief requested will redress the ongoing injury in fact to RIVER WATCH's members.

7.     RIVER WATCH is informed and believes, and on such information and belief alleges, that defendant MALIBU BAY CLUB is now, and at all times relevant to this Complaint was, a corporation, registered with the State of California and doing business within the State of California with a business address of 15315 Magnolia Boulevard, #212, Sherman Oaks, CA 91403.

8.     RIVER WATCH is informed and believes, and on such information and belief alleges, that defendant VENTURA REGIONAL SANITATION DISTRICT is now, and at all times relevant to this Complaint was, a public waste management agency organized pursuant to the County Sanitation District Act of the California Health & Safety Code, Section 4700, with administrative offices  located at 1001 Partridge Drive, Suite 150, Ventura, CA 93003-0704.

## IV.    FACTUAL ALLEGATIONS WHICH GIVE RISE TO CLAIMS

9.     RIVER WATCH incorporates by reference all the foregoing including EXHIBIT A as though the same were separately set forth herein.  RIVER WATCH takes this action to ensure compliance with the CWA, which regulates the discharge of pollutants into navigable waters.  The statute is structured in such a way that all discharges of pollutants are prohibited with the exception of enumerated statutory provisions. One such exception authorizes a discharger, who has been issued a permit pursuant to CWA § 402, 33 U.S.C. § 1342, to discharge designated pollutants at certain levels subject to certain conditions. The effluent discharge standards or limitations specified in a National Pollutant Discharge Elimination System ("NPDES") permit define the scope of the authorized exception to the CWA § 301(a), 33 U.S.C. § 1311(a) prohibition, such that violation of a permit limit places a discharger in violation of the CWA.

10.     The CWA provides that authority to administer the NPDES permitting system in any given state or region can be delegated by the EPA to a state or to a regional regulatory agency, provided that the applicable state or regional regulatory scheme under which the local agency operates satisfies certain criteria (*see* CWA § 402(b), 33 U.S.C. § 1342(b)).  In California, the EPA has granted authorization to a state regulatory

4

apparatus comprised of the State Water Resources Control Board and several subsidiary regional water quality control boards to issue NPDES permits.  The entity responsible for issuing NPDES permits and otherwise regulating the DISCHARGER's operations in the region at issue in this Complaint is the Regional Water Quality Control Board, Los Angeles Region ("RWQCB").

11.    While delegating authority to administer the NPDES permitting system, the CWA provides that enforcement of permitting requirements under the statute relating to effluent standards or limitations imposed by the Regional Boards can be ensured by private parties acting under the citizen suit provision of the statute (*see* CWA § 505, 33 U.S.C. § 1365).  RIVER WATCH is exercising such citizen enforcement to enforce compliance by the DISCHARGER with the CWA.

12.    RIVER WATCH has identified discharges of sewage from the DISCHARGER's sewage collection system, its treatment facility and leach lines to waters of the United States in violation of CWA § 301(a), 33 U.S.C. 1311(a), which states in relevant part, "Except as in compliance with this section and sections 302, 306, 307, 318, 402, and 404 of this Act [33 U.S.C. §§ 1312, 1316, 1317, 1328, 1342, 1344], the discharge of any pollutant by any person shall be unlawful."

13.    The DISCHARGER owns and/or operates a sewage collection, treatment and disposal system.  The illicit discharges come from several sources including residential septic systems, the collection system, leachline and leachfield disposal system.  Each point source is adjacent to the Pacific Ocean. The leachline/leachfield disposal system discharges in close proximity (approximately 30 feet) to the Pacific Ocean and is hydrologically connected, such that a discharge to the leachline/leachfield disposal system often results in a discharge to the Pacific Ocean.  The DISCHARGER has no NPDES permit allowing it to lawfully discharge pollutants to jurisdictional waters.

14.    Defendant VENTURA REGIONAL SANITATION DISTRICT owns and operates the Malibu Bay Club Wastewater Treatment Plant (Malibu Bay Club WWTP) located at 41000 Pacific Coast Highway, in Ventura County, California. The Malibu Bay Club

WWTP was originally constructed in 2005, and serves the Malibu Bay condominium residence complex.

15.     On September 16, 2003, VENTURA REGIONAL SANITATION DISTRICT entered into an agreement with MALIBU BAY CLUB to design, build, own, maintain, and operate an advanced onsite wastewater treatment system, which included any related effluent disposal facilities on the Malibu Bay condominium property to treat all wastewater effluent generated from the newly constructed wastewater treatment plant.

16.     VENTURA REGIONAL SANITATION DISTRICT completed construction of the Malibu Bay Club WWTP on October 18, 2005.  The DISCHARGER discharges on an average 15,000 gallons per day ("gpd") of tertiary treated domestic wastewater. The Malibu Bay Club WWTP has a design treatment and disposal capacity of 36,000 gpd. The Malibu Bay Club WWTP and leach fields are located in and around Section 6, T1S, R16W, San Bernardino Base & Meridian. The primary, secondary and tertiary treatment consists of a collection system, a primary settling/septage handling, a 9,000-gallons equalization tank, a trickling filter, a clean stream treatment, a disinfection system and leachfield disposal system.

17.     Waste flow from the Malibu Bay Club WWTP is collected through underground piping utilizing gravity flow. The raw wastewater flows by gravity at a minimum scour velocity of 2 feet per second from the source to a primary settling/septic tank.

18.     The treated effluent is discharged to the groundwater and Pacific Ocean through the leachfield disposal system. The leachfield disposal system consists of three (3) leachfields: the primary leachfield, an alternate leachfield and the backup leachfield. The leachfield disposal system consists of five (5) 75 feet long by 10 feet wide and 5 feet deep cells.

19.     The Malibu Bay Club WWTP and leachfields are located in the Little Sycamore Canyon Creek Hydraulic Unit, close proximity to the Pacific Ocean Nearshore Zone where groundwater flow directions are toward the Pacific Ocean.  Depth to groundwater at the Malibu Bay Club WWTP site is quite shallow and ranges from a depth of 5 feet

6

to 10 feet below ground surface ("bgs").  Groundwater is in hydraulic connection with the Pacific Ocean.

20.     The RWQCB Basin Plan identifies the following beneficial use designations at this part of the Nearshore Coastal ecosystem: industrial service supply, navigation, water contact and non-water contact recreation, commercial and sport fishing, marine habitat, wildlife habitat, biological habitat preserve, rare and endangered species habitat support, migration of aquatic organisms, spawning and reproduction of aquatic organisms and shell fish harvesting.

21.     Based upon sampling results, the pollutants being discharged include: nitrite, nitrate, phosphorus, ammonia, disinfection by-products, chlorine and bacteria.

22.     RIVER WATCH is understandably concerned regarding the effects of both surface and underground sewer system overflows on critical habitat in and around the  diverse and sensitive ecosystem of the Malibu Bay Club WWTP and leachfields.

23.     The location or locations of the various violations are identified herein and in records created and/or maintained by or for the DISCHARGER which relate to its Malibu Bay Club WWTP and associated sewage collection system as further described in this Complaint.

**V.     STATUTORY AND REGULATORY BACKGROUND**

24.     CWA § 301(a), 33 U.S.C. § 1311(a) prohibits discharges of pollutants or activities not authorized by, or in violation of, an effluent standard or limitation or an order issued by the EPA or a State with respect to such a standard or limitation including a NPDES permit issued pursuant to CWA § 402, 33 U.S.C. § 1342. Additional sets of regulations are set forth in the Basin Plan, California Toxics Rule, the Code of Federal Regulations, and other regulations promulgated by the EPA and the State Water Resources Control Board. Sewage is specifically identified in the CWA as a pollutant.  The sewage collection system sewer lines owned by the DISCHARGER are point sources under the CWA.

25.    The affected waterways detailed in this Complaint and in the Notice are navigable waters of the United States within the meaning of CWA § 502(7), 33 U.S.C. § 1362(7).

26.    The Administrator of the EPA has authorized Regional Water Quality Control Boards to issue NPDES permits, subject to specified conditions and requirements, pursuant to CWA § 402, 33 U.S.C. § 1342.

27.    The DISCHARGER is in possession of no NPDES Permit authorizing it to discharge pollutants into navigable waters of the United States within the meaning of the CWA.

## VI.  VIOLATIONS

28.    The DISCHARGER's unpermitted discharges of untreated sewage from its sewage collection system, Malibu Bay Club WWTP and leach lines, as detailed herein and in the Notice are violations of CWA § 301(a), 33 U.S.C. § 1311(a).  The violations are established in RWQCB files for the DISCHARGER's sewage collection system as well as in studies conducted by the DISCHARGER in compliance with orders from regulatory agencies.

29.    The enumerated violations are detailed in the Notice, incorporated herein by reference, and below, designating the section of the CWA violated by the described activity.

## VII.  CLAIM FOR RELIEF

**Violation of CWA § 301(a), 33 U.S.C. 1311(a) Pursuant to CWA § 505(a)(1)(A), 33 U.S.C. 1365(a)(1)(A) - Violation of an effluent standard or limitation under the Act - Discharges of a Pollutant From a Point Source to Navigable Waters of the United States not in Compliance with the Act**

30.    RIVER WATCH re-alleges and incorporates by reference the allegations of Paragraphs 1 through 29, including EXHIBIT A, as though fully set forth herein.

31.    The DISCHARGER has violated and continues to violate the CWA as evidenced by the discharges of pollutants (raw sewage) from a point source (the sewer lines, Malibu Bay Club WWTP and leachfield lines) to waters of the United States in violation of

8

CWA § 301(a), 33 U.S.C. § 1311(a).

32.    All discharges identified herein are violations of CWA § 301(a), 33 U.S.C. 1311(a) in that they are discharges of a pollutant (sewage) from a point source (sewage collection system) to a water of the United States without complying with any other sections of the Act.

33.    The violations of the DISCHARGER are ongoing and will continue after the filing of this Complaint.   RIVER WATCH alleges herein all violations which may have occurred or will occur prior to trial, but for which data may not have been available or submitted or apparent from the face of the reports or data submitted by the DISCHARGER to the RWQCB.  Each of the DISCHARGER's violations is a separate violation of the CWA.

34.    RIVER WATCH avers and believes and on such belief alleges that without the imposition of appropriate civil penalties and the issuance of appropriate equitable relief, the DISCHARGER will continue to violate the CWA as well as State and Federal standards with respect to the enumerated discharges and releases.  RIVER WATCH avers and believes and on such belief alleges that the relief requested in this Complaint will redress the injury to RIVER WATCH's members, prevent future injury, and protect the interests of RIVER WATCH's members which are or may be adversely affected by the DISCHARGER's violations of the CWA, as well as other State and Federal standards.

**VIII.  RELIEF REQUESTED**

WHEREFORE, RIVER WATCH prays that the Court grant the following relief:

35.    Declare the DISCHARGER to have violated and to be in violation of the CWA.

36.    Issue an injunction ordering the DISCHARGER to immediately operate the Malibu Bay Club WWTP, sewage collection system, and leachlines in compliance with the CWA.

37.    Issue an injunction ordering MALIBU BAY CLUB to immediately stop discharging until the Malibu Bay Club WWTP becomes compliant with the CWA.

38.  Order the DISCHARGER to improve the "treatment train" to eliminate any exceedances of the current Waste Discharge Requirements for nitrogen including nitrite, nitrate and ammonia; phosphorus and phosphates; disinfection by-products including, but not limited to, chloramines, trihalomethanes, halonitromethanes, haloamides, iodo-acids, and nitrosamines; and bacteria.

39.  Order the DISCHARGER to monitor monthly for disinfection by-products such as chloramines, trihalomethanes, halonitromethanes, haloamides, iodo-acids and ntrosamines.

40.  Order the DISCHARGER to sample surface waters and soils (i.e., sands) for human fecal bacteria downstream of both the post-treatment leachlines as well as the Malibu Bay Club WWTP and associated collection system.

41.  Order the DISCHARGER to pay civil penalties of $37,500.00 per violation/per day for its violations of the CWA.

42.  Order the DISCHARGER to pay reasonable attorneys' fees and costs of RIVER WATCH (including expert witness fees), as provided by CWA § 505(d), 33 U.S.C. § 1365(d).

43.  For such other and further relief as the court deems just and proper.


DATED: August 9, 2017                 LAW OFFICE OF JACK SILVER


                                      By: _____
                                           Jack Silver

DATED: August 9, 2017                 LAW OFFICE OF DAVID J. WEINSOFF


                                      By: _____
                                           David J. Weinsoff

                                      Attorneys for Plaintiff
                                      CALIFORNIA RIVER WATCH

Complaint for Injunctive Relief, Civil Penalties, and Declaratory Relief