Jack Silver, Esq. SB# 160575
LAW OFFICE OF JACK SILVER
708 Gravenstein Highway North, #407
Sebastopol, CA 95472-2808
Tel. (707) 528-8175
Email: jsilverenvironmental@gmail.com

David J. Weinsoff, Esq. SB# 141372
LAW OFFICE OF DAVID J. WEINSOFF
138 Ridgeway Avenue
Fairfax, CA 94930
Tel. (415) 460-9760
Email: david@weinsofflaw.com

Attorneys for Plaintiff
California River Watch

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CALIFORNIA RIVER WATCH, an IRC Section 501(c)(3), non-profit, public benefit corporation,<br><br>Plaintiff,<br>v.<br>MALIBU BAY CLUB and VENTURA REGIONAL SANITATION DISTRICT,<br>Defendants. | Case No.: 2:17-cv-05896-CAS (RAOx)<br><br>[PROPOSED] CONSENT DECREE<br><br>(Environmental – Clean Water Act 33 U.S.C. § 1251 *et seq.*)<br><br>Trial Date: None |

WHEREAS, on August 9, 2017, California River Watch ("CRW") filed its Complaint in this Court in the above-titled action asserting it is an Internal Revenue Code section 501(c)3 nonprofit, public benefit corporation organized under the laws of the State of California, dedicated to protecting, enhancing, and helping to restore the surface waters and ground waters of California, including coastal waters, rivers, creeks, streams, wetlands, vernal pools, aquifers and associated environs, biota, flora and fauna, and to educating the public concerning environmental issues associated with these environs;

WHEREAS, the Complaint alleges Defendants own and operate a collection

system treatment facility, and leach lines (collectively "the Facility") for the purpose of collecting and conveying for treatment wastewater from the Malibu Bay Club, subject to various federal and state regulatory requirements under the federal Water Pollution Control Act, 33 U.S.C. §§1251 *et seq*. ("Clean Water Act" or "CWA");

WHEREAS, on January 12, 2017, CRW served Defendants, the United States Environmental Protection Agency ("EPA"), EPA Region IX, the Executive Director of the State Water Resources Control Board ("State Board") and the Executive Director of the Los Angeles Regional Water Quality Control Board ("Regional Board") with a 60-day Notice of Violations and Intent to File Suit ("Notice Letter" or "Notice") alleging various violations of the CWA relating to the collection system;

WHEREAS, On January 11, 2001, the Regional Board issued Order No. 01-008 containing the Waste Discharge Requirements ("WDR") that permitted the Facility. Order No. 01-008 also rescinded Regional Board Order No. 94-136 (December 5, 1994), except for enforcement of Order No. 94-136. The WDR for the Facility was subsequently extended by the Regional Board in 2006, 2011, and 2016. Defendant Ventura Regional Sanitation District (the "District") has continuously operated the Facility since 2005. The District has operated the Facility within the parameters contained in the WDR from 2005 to the present. As part of these operations, the District has monitored the constituent levels in the wastewater effluent discharged from the Facility to the groundwater and self-reported all exceedances of limits set forth in the WDR to the Regional Board. The District has cooperated with the Regional Board at all times during its operation of the Facility and filed all necessary reports and other documentation called for by the WDR. On or about February 22, 2017, the Regional Board issued a Notification of Violation ("NOV") to the District alleging the same or similar violations of the subject WDR

[Proposed] Consent Decree

as CRW alleged in its Notice Letter. The District provided formal response to the Regional Board NOV on April 24, 2017 and it was subsequently determined that the Regional Board would not file an Administrative Civil Liability Complaint against the District for this NOV, but would accept the District's formal response to the NOV as adequate under the facts and circumstances of the alleged violations.

WHEREAS, the District denies all of CRW's allegations that it is liable for any claims that were, or could have been, asserted against the District based upon the Notice Letter;

WHEREAS, the parties have expended effort and resources in investigating and evaluating allegations and claims set forth in the Notice Letter, including the exchange of information regarding the collection system, as well as engaging in a negotiation and technical dialogue regarding settlement;

WHEREAS, the parties now wish to resolve and settle all disputes, obligations, and purported or actual claims or causes of action, which may exist by and between CRW and the District, including without limitation any disputes, obligations, claims and/or causes of action that were or could have been asserted in or pursuant to the Notice Letter and have tentatively reached a settlement;

WHEREAS, the parties have agreed that it is in their mutual interest to enter into a Consent Decree setting forth terms and conditions appropriate to resolving the allegations set forth in the Complaint without further proceedings.

**NOW, THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 (federal question), and 33 U.S.C. §1365(a) (CWA citizen suit

[Proposed] Consent Decree

jurisdiction).

2. Venue is appropriate in the Central District Court pursuant to 33 U.S.C. §1365(c)(1), because the alleged violations purportedly occurred within this District. Venue is also proper because the District is located, and the alleged events or omissions giving rise to CRW's claims allegedly occurred in this District. 28 U.S.C. §1391(b)(1),(2).

3. The Complaint is styled as a Complaint for Injunctive Relief, Civil Penalties and Declaratory Relief (Environmental-Clean Water Act 33 U.S.C. §1251, *et seq.*).

4. The Court shall retain jurisdiction over this matter for five years for purposes of interpreting, modifying or enforcing the terms of this Consent Decree, or as long thereafter as is necessary for the Court to resolve any motion to enforce this Consent Decree.

## I. OBJECTIVES

It is the express purpose of the parties entering into this Consent Decree to further the objectives set forth in the CWA and to resolve those issues alleged by CRW in its Complaint. In light of these objectives and as set forth fully below, the District and CRW agree to comply with the provisions of this Consent Decree.

## II. COMMITMENTS OF THE DISTRICT

### A. ACTIONS BY THE DISTRICT

The District shall perform the below-specified acts. The District reserves the right, in its sole discretion, to determine: (i) which persons shall perform any acts described herein, including contractors; and (ii) the scope and technical details of, and the manner to implement, such work subject to review and approval by the State Board or Regional Board. In the event any provision of this section conflicts with requirements imposed by the State Board or Regional Board such that provisions
4

[Proposed] Consent Decree

required by this Consent Decree and those by the State or Regional Board are incompatible (with incompatible meaning that compliance with the requirements of this Consent Decree would directly interfere with or prevent the District from complying with State or Regional Board requirements), then the agency requirements shall prevail over conflicting provisions in this section. The District shall:

A.1. Prior to the Termination Date of this Consent Decree, and consistent with the provisions detailed in the letter to the State Board dated April 24, 2017, attached to this Consent Decree and incorporated herein, take reasonable actions to eliminate any exceedances of the current WDRs.

A.2. In the event the District employs chlorination into it "treatment train," request revised WDRs applicable to the District be adopted by the Regional Board to add a sampling requirement for disinfection by-products.

A.3. Within one (1) year after the Effective Date of this Consent Decree, contract for and complete an "efficiency study" for the "treatment train," conducted by an engineering and/or water quality consulting firm, demonstrating that the District's operations at the Facility will comply with applicable WDRs during the five (5) year period following the Effective Date of this Consent Decree. The District shall provide a copy of the study to CRW within thirty (30) days after receipt.

**B. FEES AND COSTS**

5. Within ten (10) calendar days after the Effective Date of this Consent Decree and approval by the Court, the District shall mail CRW the sum of Fifty Thousand dollars ($50,000.00). Payment shall be made to CRW in the form of a single check payable to "California River Watch" and mailed to the Law Office of Jack Silver, 708 Gravenstein Highway North, # 407, Sebastopol, CA 95472. Said

payment shall constitute full and complete satisfaction of all costs of litigation and attorneys' fees incurred by CRW that have or could have been claimed in connection with this matter up to and including the Effective Date of the Consent Decree, and for CRW's expert and attorneys' fees and costs for monitoring and enforcing the District's compliance with the ongoing obligations under this Consent Decree up to and including the Termination Date.

### III. COMMITMENTS OF CRW

6. Within three (3) days of the final signature of this Consent Decree by the parties, CRW shall file a Notice of Settlement and Notice of 45-Day Review in the United States District Court for the Central District of California ("District Court").

7. CRW shall submit this [Proposed] Consent Decree to EPA and the U.S. Department of Justice ("DOJ") within three (3) days of obtaining parties' attorneys signatures approving as to form (with client signatures to follow), or at the latest three (3) days after the final signatures of the parties, consistent with 40 C.F.R. § 135.5. The agency review period expires forty-five (45) days after receipt by both agencies, as evidenced by the certified return receipts, copies of which shall be provided to the District if requested. In the event that EPA or DOJ object to entry of this [Proposed] Consent Decree, the parties agree to meet and confer to attempt to resolve the issue(s) raised by EPA or DOJ.

8. CRW shall file this Consent Decree with the District Court within three (3) days after the Effective Date. CRW is responsible for notifying the District of the District Court's entry of the Order dismissing these claims with prejudice. Such notification can be satisfied by the Central District of California's Case Management/Electronic Case Filing ("CM/ECF") notification to the parties that the Order was executed and entered by the District Court.

## IV. EFFECTIVE DATE AND TERMINATION DATE

9. The term "Effective Date," as used in this Consent Decree, shall mean the date on which the parties receive notice that the District Court approved the fully executed Consent Decree.

10. The "Termination Date" of this Consent Decree is the date that all of the requirements under Section II are completed by the District or five (5) years from the date of full execution and court approval of this Consent Decree, whichever is earlier.

## V. DISPUTE RESOLUTION

11. This Court shall retain jurisdiction over this matter for five (5) years for the purposes of implementing and enforcing the terms and conditions of this Consent Decree, and adjudicating all disputes among the parties that may arise under the provisions of this Consent Decree. The Court shall have the power to enforce this Consent Decree with all available legal and equitable remedies.

12. Any disputes between CRW and the District concerning any alleged breach of this Consent Decree shall be subject to the following dispute resolution procedures. Failure to satisfy the payment condition in Section II is a substantial breach of this Consent Decree and relieves CRW of its obligations under this Consent Decree:

   a. <u>Good Faith Negotiations.</u> CRW and the District shall make good faith efforts to resolve informally any alleged breach of the Consent Decree. If informal efforts to resolve the alleged breach are unsuccessful, that Party shall provide written notice of the alleged breach and that Party's intent to initiate the dispute resolution procedure of this Section. The notice shall include a recitation of all facts and circumstances giving rise to the dispute, including the particular provisions of the Consent Decree alleged to have been breached.

b. <u>Mediation.</u> If the dispute is not resolved by the Parties within thirty (30) days after such notice is given, such dispute shall be submitted to mediation before a mutually agreeable neutral mediator. The parties shall each bear their own costs and attorney's fees incurred in connection with such mediation.

c. <u>Waiver.</u> By agreeing to these dispute resolution provisions, the parties understand that they are waiving certain important rights and protections that otherwise may have been available to each of them if a dispute between them were determined by judicial action including, without limitation, the right to a jury trial, and certain rights of appeal. Other than the remedies contained within this Consent Decree including dispute resolution and specific performance of the terms of this Consent Decree, there are no other remedies. The parties specifically agree that there is no basis within this Consent Decree or within the contemplation of the Parties to support a claim for consequential damages due to any form of breach.

## VI. MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE

13. <u>Release.</u> It is the intent of the parties that the execution of this Consent Decree constitutes a full and complete satisfaction of all rights, claims and demands by CRW against the District with respect to any and all allegations and claims made in the Notice Letter and the Complaint under the Clean Water Act concerning the Facility. CRW on behalf of itself and any and all of its agents, representatives, successors, members, and assigns, except as otherwise provided for herein does hereby absolutely, fully and forever release, relieve, remise and discharge the District and its past and present employees, officers, directors, attorneys, and the predecessors, successors, and assigns of any of them, from all causes of actions, claims, damages (including punitive damages), demands, debts, actions, attorneys'

fees, costs of suit, and liabilities of every kind or nature whatsoever, arising exclusively out of the specific claims asserted in the Notice Letter under the Clean Water Act concerning the operation of the Facility. The release provided for herein shall be valid and effective whether the claims, causes of action, or liability hereby released (i) were known or unknown, suspected or unsuspected, (ii) were based in contract, tort, statute, or otherwise, or (iii) arise at law or in equity. The release shall survive the termination of this Consent Decree, whether by satisfaction of the terms and conditions hereof or operation of law.

14. <u>Covenant Not to Sue</u>. For the period beginning on the Effective Date and ending after five (5) years, CRW agrees that neither CRW, its officers, executive staff, members of its governing board nor any organization under the control of CRW, its officers, executive staff, or members of its governing board, will file any lawsuit against the District seeking relief for alleged violations of the Clean Water Act. CRW further agrees that, beginning on the Effective Date and ending after five (5) years, CRW will not actively support other lawsuits by providing financial assistance, personnel time or other affirmative actions against the District that may be proposed by other groups or individuals who would rely upon the citizen suit provision of the Clean Water Act to challenge the District's compliance with the Clean Water Act. This Not to Sue provision shall survive the termination of this Consent Decree. This Not to Sue provision shall not affect either party's right to enforce this Consent Decree.

## VII. MISCELLANEOUS PROVISIONS

15. <u>No Admission</u>. The Consent Decree is the direct result of a compromise of disputed allegations and claims. As such, this Consent Decree shall not, for any purpose, be considered as an admission of liability by the District, nor shall the payment of any sum of money in consideration for the execution of this Consent

9

[Proposed] Consent Decree

Decree constitute or be construed as an admission of any liability by the District, which expressly denies any such liability or wrongdoing.

16. <u>Delays in Schedule Implementation.</u> In the event implementation by the District of the remedial measures set forth Section II of this Consent Decree does not occur by the agreed to dates, despite the timely good faith efforts of the District to acquire any necessary approvals and/or permits, or due to factors unforeseen at the time this Consent Decree was entered into, the District agrees to notify CRW in writing as soon as practicable after the anticipated delay becomes apparent, and in any case except in a case of force majeure described below, not less than twenty (20) days prior to any deadline set forth in Section II, and shall describe the reasons for the anticipated delay

17. <u>Force Majeure.</u> The District shall not be deemed in default or breach of this Consent Decree by reason of any event which constitutes a force majeure. For purposes of this Consent Decree, a force majeure is defined as any event arising from causes beyond the reasonable control of the District or its contractors that delay or prevents performance. This includes, without limitation, acts of God, acts of war, acts of terrorism, fire, explosion, extraordinary weather events, restraint by court order or public authority, or other causes beyond the District's reasonable control. Neither increased costs nor economic hardship shall constitute a force majeure.

18. <u>Notices.</u> All notices, consents, approvals, requests, demands and other communications (collectively, "Notice") which the parties are required or desire to serve upon or deliver to the other shall be in writing and shall be given by nationally – recognized overnight courier, by certified United States mail, return receipt requested, postage prepaid, addressed as set forth below, or by electronic mail addressed as set forth below:

[Proposed] Consent Decree

If to CRW:  Jack Silver, Esq.
            Law Office of Jack Silver
            708 Gravenstein Highway North # 407
            Sebastopol, CA 95472
            Tel: (707) 528-8175
            Email: jsilverenvironmental@gmail.com

If to the District:  Robert N. Kwong, Esq.
                     Arnold LaRochelle Mathews VanConas & Zirbel LLP
                     300 Elplanade Drive / Suite 2100
                     Oxnard, CA 94036
                     Tel: (805) 988-9886
                     Email: rkwong@atozlaw.com

The foregoing addresses may be changed by Notice given in accordance with this Section. Any Notice sent by mail shall be deemed received two (2) days after the date of mailing. Any Notice sent by electronic mail shall be deemed received upon electronic transmission thereof provided sender does not receive electronic notice of non-delivery. Any Notice sent by overnight courier service shall be deemed received on the day of actual delivery as shown by the confirmation of delivery by the messenger or courier service. If the date of receipt of any Notice to be given hereunder falls on a weekend or legal holiday, then such date of receipt shall automatically be deemed extended to the next business day immediately following such weekend or holiday for purposes of calculating time periods commencing upon the date of service.

19. <u>Attorneys' Fees.</u> Other than the payment to CRW under Section II (B), each party shall bear its own past and future attorneys' fees and costs relating to the subject matter of this Consent Decree.

20. <u>Parties' Acknowledgment of Terms.</u> This Consent Decree has been carefully and fully read and reviewed by CRW, the District, and their respective

counsel, if any, who hereby represent that the contents of this Consent Decree are understood, and agree that this Consent Decree is binding on each party or its respective predecessors, successors, and assigns and as described above.

21. <u>Interpretation and Applicable Law.</u> This Consent Decree shall be construed and interpreted in accordance with the laws of the United States and the State of California without regard to principles of conflicts of law. This Consent Decree shall be interpreted and construed as a whole, according to its fair meaning and not strictly for or against any party, and without regard to which party drafted the Consent Decree. All of the promises, representations, and warranties contained in this Consent Decree survive the execution of this Consent Decree.

22. <u>No Assignments.</u> Each party to this Consent Decree represents and warrants that it has not assigned, transferred, hypothecated, or sold to any third person or entity, any of the rights or obligations released by or entered into under this Consent Decree.

23. <u>Counterparts.</u> This Consent Decree may be executed in multiple counterparts by the attorneys and parties, each of which shall evidence one and the same agreement.

24. <u>Headings.</u> The headings used in this Consent Decree are for convenience of reference and shall not be used to define any provision.

25. <u>Entire Consent Decree in Writing.</u> This Consent Decree constitutes the entire agreement between the parties hereto with respect to the subject matter set forth herein and supersedes all previous or contemporaneous negotiations, commitments (oral or written), and writings with respect to the subject matter set forth herein.

26. <u>Modification or Amendment.</u> This Consent Decree or any of its provisions may be modified or amended only by written agreement executed by all parties to this Consent Decree.

[Proposed] Consent Decree

27. <u>Severability.</u> The invalidity or unenforceability of any provision of this Consent Decree shall in no way affect the validity or enforceability of any other provision. If, in any action before any court or other tribunal or competent jurisdiction, any term, restriction, covenant, or promise is held to be unenforceable for any reason, then such term, restriction, covenant, or promise shall be deemed modified to the extent necessary to make it enforceable by such court or other tribunal and, if it cannot be so modified, that this Consent Decree shall be deemed amended to delete here from such provision or portion adjudicated to be invalid or unenforceable, and the remainder of this Consent Decree shall be deemed to be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Consent Decree in the particular jurisdiction in which such adjudication is made.

28. <u>Representations and Warranties.</u> This Consent Decree is given voluntarily, free of undue influence, coercion, duress, menace, or fraud of any kind. No party, nor any officer, agent, employee, representative, or attorney of or for any party, has made any statement or representation to any other party regarding any fact relied upon in entering this Consent Decree, and no party is relying upon any statement, representation, or promise of any other party, nor of any officer, agent, employee, representative, or attorney of or for any party, in executing this Consent Decree or in making the settlement provided herein, except as expressly stated in this Consent Decree.

29. <u>No Third Party Beneficiaries.</u> This Consent Decree is not intended to confer any rights or obligations on any third party or parties, and no third party or parties shall have any right of action under this Consent Decree for any cause whatsoever. Subject only to the express restrictions contained in this Consent Decree, all of the rights, duties and obligations contained in this Consent Decree

13
[Proposed] Consent Decree

shall inure to the benefit of and be binding upon the Parties, and their successors and assigns.

30. <u>Authority.</u> Each of the persons signing this Consent Decree on behalf of an entity represents and warrants that he or she has actual authority and capacity to execute the Consent Decree on behalf of the entity and to bind it to all of the terms of this Consent Decree.

**IN WITNESS WHEREOF**, the undersigned have executed this Consent Decree as of the date first set forth below.

**APPROVED AS TO FORM:**

Dated:  LAW OFFICE OF DAVID J. WEINSOFF

By: _____
David J. Weinsoff
Attorney for Plaintiff
California River Watch

Dated:  ARNOLD LAROCHELLE MATHEWS
VANCONAS & ZIRBEL LLP

By: _____
Robert N. Kwong
Attorney for Defendant
Ventura Regional Sanitation District

**SO STIPULATED:**

Dated: 12/21/2017  CALIFORNIA RIVER WATCH

By: _____
Larry Hanson, Board President

//

14

[Proposed] Consent Decree

shall inure to the benefit of and be binding upon the Parties, and their successors and assigns.

30. <u>Authority.</u> Each of the persons signing this Consent Decree on behalf of an entity represents and warrants that he or she has actual authority and capacity to execute the Consent Decree on behalf of the entity and to bind it to all of the terms of this Consent Decree.

**IN WITNESS WHEREOF**, the undersigned have executed this Consent Decree as of the date first set forth below.

**APPROVED AS TO FORM:**

Dated:                             LAW OFFICE OF DAVID J. WEINSOFF

By: _____
David J. Weinsoff
Attorney for Plaintiff
California River Watch

Dated: 12/27/2017       ARNOLD LAROCHELLE MATHEWS VANCONAS & ZIRBEL, LLP

By: _____
Robert N. Kwong
Attorney for Defendant
Ventura Regional Sanitation District

**SO STIPULATED:**

Dated:                             CALIFORNIA RIVER WATCH

By: _____
Larry Hanson, Board President

//

shall inure to the benefit of and be binding upon the Parties, and their successors and assigns.

30. <u>Authority.</u> Each of the persons signing this Consent Decree on behalf of an entity represents and warrants that he or she has actual authority and capacity to execute the Consent Decree on behalf of the entity and to bind it to all of the terms of this Consent Decree.

**IN WITNESS WHEREOF**, the undersigned have executed this Consent Decree as of the date first set forth below.

**APPROVED AS TO FORM:**

Dated: 12/15/17

LAW OFFICE OF DAVID J. WEINSOFF

By: *[signature]*
David J. Weinsoff
Attorney for Plaintiff
California River Watch

Dated:

ARNOLD LAROCHELLE MATHEWS
VANCONAS & ZIRBEL LLP

By: _____
Robert N. Kwong
Attorney for Defendant
Ventura Regional Sanitation District

**SO STIPULATED:**

Dated:

CALIFORNIA RIVER WATCH

By: _____
Larry Hanson, Board President

//

Dated: 12/28/17

VENTURA REGIONAL SANITATION DISTRICT

By: _William Wierick_
William Wierick, Board Chairperson

**IT IS SO ORDERED**

Dated: March 1, 2018

_Christina A. Snyder_
Christina A. Snyder
Judge, U.S. District Court